UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON RYAN,

        Petitioner,                      Case No. 1:20-cv-306

v.                                       Honorable Robert J. Jonker

RANDEE REWERTS,

        Respondent.
_____/

## ORDER

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner filed his petition *in pro per*, but counsel has recently appeared on Petitioner's behalf. This matter is presently before the Court on Petitioner's motion to do one of the following: (A) amend or supplement the petition to include issues identified by counsel, grant discovery, conduct an evidentiary hearing, and allow oral argument; or (B) grant a stay to permit Petitioner to return to the state courts to exhaust the new issues identified by counsel. (ECF No. 12.) Respondent has not opposed the motion.

        It does not appear that the issues Petitioner raised previously in the state courts were raised exactly as counsel would like to raise them now by way of amendment or supplement. That discovery and an evidentiary hearing are necessary certainly supports the conclusion that Petitioner has not properly developed the issues in the state courts. As the Supreme Court has recognized, the entire habeas exhaustion requirement "reflects a policy of federal-state comity"—an accommodation to our federal system—in which the state should have "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404

U.S. 270, 275 (1971) (internal quotations omitted); *accord, O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To explore counsel's issues for the first time in this Court would not be consistent with the principles of comity upon which the exhaustion requirement is founded.

To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kalkaska County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990) ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269,

277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 3, 2017. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The period expired on January 2, 2018. Accordingly, absent tolling, Petitioner had one year, until January 2, 2019, in which to file his habeas petition. Petitioner filed the instant petition on April 6, 2020.

Although Petitioner filed his petition after January 2, 2019, it was not late. The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Petitioner filed such a motion on November 2, 2018, with two months remaining in the period of limitation. The statute was tolled from the filing of that motion until the Michigan Supreme Court denied Petitioner's application for leave to appeal on March 6, 2020. When Petitioner filed his petition he had about

a month left in the period of limitation. Because this federal petition does not toll the statute, Petitioner's period of limitation has now expired.[1]

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

In the instant case, Petitioner has no time left in his limitations period. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition and a stay would be appropriate to preserve his claims. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is

---

[1] The Court makes no determination whether the "new" claims relate back or whether they are timely. That is impossible to determine until those claims are clearly defined. Presently, in the absence of a proposed amended petition, the claims are not sufficiently defined to determine relation back or timeliness. Based on counsel's description, however, the Court cannot say that the claims clearly would ***not*** relate back. Those issues must await resolution until Petitioner returns after he has exhausted the claims.

no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Petitioner's motion contends that his claims have merit and that he has not been dilatory. Respondent has not opposed the motion and, therefore, does not contest those contentions. Therefore, the Court concludes that the *Rhines* requirements do not preclude granting a stay here.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion (ECF No. 12) is **GRANTED IN PART** and **DENIED IN PART**. Petitioner's requests to amend or supplement the petition, for discovery, for an evidentiary hearing, and for oral argument are **DENIED**. Petitioner's alternative request to grant a stay to permit Petitioner to return to the state courts to exhaust the new issues identified by counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall have thirty (30) days from the date of this order in which to file a motion for relief from judgment in the Kalkaska County Circuit Court setting forth any unexhausted claims that he intends to pursue in his habeas petition.

**IT IS FURTHER ORDERED** that Petitioner's action is hereby stayed until Petitioner files a motion to amend his petition to include any subsequently exhausted claims. Such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of decision at each step of state-court review.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

**IT IS FURTHER ORDERED** that this case shall be administratively closed until such time as Petitioner files a motion to amend his petition in accordance with the procedures set forth in this order.


Dated:  July 6, 2021                         /s/ Ray Kent
                                                                 Ray Kent
                                                                 United States Magistrate Judge